JOSEPH ARGENTI AND GEORGE GIANNETTI, PROSECU-
TORS, v. BOROUGH OF NORTHVALE, RESPONDENT.

Submitted January term, 1930—Decided July 17, 1930.

Before Justices TRENCHARD, CASE and LLOYD.

For the prosecutors, *Fred W. Mattocks.*

For the respondent, *Dominick F. Pachella.*

PER CURIAM.

The writ of *cerliorari* was issued in this case to test the validity of an ordinance providing for the improvement of Franklin street, in the borough of Northvale, Bergen county, as also a resolution adopted by the borough providing for the carrying out of the provisions of the ordinance.

The reasons filed for setting aside are that within ten days after the publication following the passage of the ordinance a protest against the making of the improvement was signed and filed with the clerk of the borough by taxpayers representing ten per centum of the assessed valuation of property in the borough; that no certificate of the sufficiency of these protests was made by the clerk of the borough, and that no special election has been held or called in accordance with the provisions of section 24 of article 37, chapter 152 of the laws of 1917, and that the ordinance is therefore inoperative.

Other grounds are that the ordinance was not passed in manner required by law, that no plans, drawings, profiles,

specifications or a map were filed with the borough clerk before the ordinance was introduced, and finally that the resolution and ordinance are in other respects illegal.

From the return and proofs taken under this writ it appears that a protest was filed by a number of property owners. Article 37 of the act of 1917, known as the Home Rule act, provides in section 24 that "any ordinance authorizing any improvement * * * shall become operative ten days after the publication thereof after its final passage, unless within said ten days a protest against the making of such improvement * * * shall be filed in the office of the clerk of such municipality signed by taxpayers representing ten per centum of the amount of the assessed valuation of such municipality, whose names appear on the last preceding assessment roll thereof." The section further provides that "the certificate of the clerk of the municipality filed in his office as to the filing or sufficiency of any protest or protests shall be conclusive for the purpose of this section."

The filing of this paper as a reason for setting aside the ordinance and resolution might well be dismissed on the ground, as appears from the record before us, that the sufficiency of the protest has never been determined by the clerk. It is not every paper thus filed that would prove its own sufficiency to arrest the orderly proceedings of a municipal body clothed with the power to pass ordinances and resolutions as here presented. It is quite clear that the legislature, realizing that somewhere must be lodged the right and power to determine the sufficiency of protest filed under the act, has reported this right in the clerk.

While no adjudication by the clerk seems to have been made, the protests were, however, called to the attention of the borough council and turned over to the borough attorney for investigation. In response the attorney advised that the protest as filed did not purport to be signed by the requisite number of qualified persons and that it did not show that the names of the taxpayers who signed appeared on the assessment roll nor were the signatures duly authenticated, and that in his opinion, in consequence, the protest was ineffec-

tive. Proofs were taken intended to establish that the requisite number of property owners had signed the protest. Even though such evidence could be received, in view of the lodgment of power to pass upon the sufficiency of the protest in the borough clerk, the proofs taken under the permission granted in the writ failed to establish the legal sufficiency of the protest.

The contention that no plans or specifications were filed preceding the introduction of the ordinance is not sustained by any proof.

The remaining grounds are general in character and call for no comment.

The writ of *certiorari* will be dismissed, with costs.